UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANKLIN DALE CHURCH(#11086)

VERSUS                                      CIVIL ACTION

DETECTIVE CALVIN BOWDEN, ET AL              NUMBER 12-772-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 14, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANKLIN DALE CHURCH(#11086)

VERSUS                                               CIVIL ACTION

DETECTIVE CALVIN BOWDEN, ET AL                       NUMBER 12-772-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, a pretrial detainee confined at Livingston Parish Detention Center, Livingston, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Livingston Parish Sheriff Office detectives Calvin Bowden and Donna Sanchez, Livingston Parish District Attorney Scott Perrilloux and Assistant District Attorney Charlotte H. Suir. Plaintiff alleged that he was held in jail on false charges for 14 months in violation of his constitutional rights.

For the reasons which follow, the plaintiff's complaint should be dismissed.

**I. Factual Allegations**

Plaintiff alleged that on November 24, 2010, he was charged with 100 counts of indecent behavior with juveniles in violation of LSA-R.S. 14:81. Plaintiff alleged that sometime in December 2011, the charges were dismissed because the statute of limitations had expired before he was arrested. Plaintiff alleged that he was held in custody on false charges for 14 months.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**B. Prescription**

Plaintiff alleged that the criminal charges were dismissed on an unspecified date in December 2011.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on December 4, 2012, and it was filed on December 6, 2012. Any claims the plaintiff had against these defendants regarding acts which occurred prior to December 4, 2011, have prescribed.

**C. Prosecutorial Immunity**

Immunity is a threshold question which should be resolved as early in the proceedings as possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 1793 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.")

Prosecutors are cloaked with absolute immunity for actions taken in initiating a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). District Attorney Perrilloux and Assistant District Attorney Suir have absolute immunity insofar as they are alleged to have instituted the criminal charges against the plaintiff.

**D. No Cognizable Constitutional Violation**

Plaintiff named detectives Bowden and Sanchez as defendants but alleged no facts against them.

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986). Plaintiff named detectives Bowen and Sanchez as defendants but made no factual allegations against them.

Assuming that these defendants arrested the plaintiff on November 24, 2010, any false arrest claims against them are prescribed, as explained in Section II.B. above.

**III. Conclusion**

Because it is clear that the plaintiff's claims are prescribed, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

Baton Rouge, Louisiana, January 14, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE